IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES PAUL DAVIS,<br><br>    Defendant. | **No. 1:14-cr-00032-RGE-HCA**<br><br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Now before the Court is Defendant James Paul Davis's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 155. Davis files the motion without the assistance of counsel, although he asks for assistance in presenting his argument to the Court. *Id.* at 1. Davis has attached multiple exhibits to his motion. *See* ECF Nos. 155-1 to 155-22. Davis, through his father, has also filed a supplement and further exhibits in support of his motion. ECF No. 157. Finally, Davis asks the Court to expedite ruling on his motion. ECF No. 158.

The Court has made an individualized inquiry of the motion. *See United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023) ("[M]otions for compassionate release require an individualized inquiry."). After considering the applicable sentencing factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission, the Court denies the motion for compassionate release.

## I.    BACKGROUND

Davis pleaded guilty to conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Sealed J. Crim. Case 1, ECF No. 119. With a total offense level of 34 and criminal history category of VI, Davis's applicable sentencing guideline range was 262 to 327 months in prison. *Id.* at 7. In

July 2015, the Honorable James E. Gritzner, now retired, sentenced Davis to 192 months in prison. *Id.* at 2.

## II.    EXHAUSTION

Under the First Step Act of 2018, prisoners may bring motions for compassionate release "once they have exhausted their administrative remedies." *See United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (acknowledging amendment to 18 U.S.C. § 3582(c)(1)(A)). "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083 (8th Cir. 2021) (quoting § 3582(c)(1)(A)).

Davis does not allege he has asked the warden of his facility for compassionate release before filing this motion. Thus, it appears from the face of the motion he has not exhausted his administrative remedies. Regardless, even if Davis had satisfied the exhaustion requirements, the Court would deny compassionate release for the following reasons.

## III.    DISCUSSION

A district court may grant a defendant's motion for compassionate release if it finds "extraordinary and compelling reasons" warrant such a sentence reduction and the reduction is consistent with the applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Even if the Court finds the foregoing criteria are met, the Court must still consider the 18 U.S.C. § 3553(a) sentencing factors before granting a reduction. *Id.* § 3582(c)(1)(A).

### A.    Extraordinary and Compelling Reasons

Extraordinary and compelling reasons warranting release may exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is

not being provided and without which the defendant is at risk of serious deterioration in health or death." USSG § 1B1.13(b)(1)(C).

Davis argues he is not receiving treatment for his health conditions. *See generally* ECF Nos. 155-1, 155-20 (correspondence with father, medical requests, and grievances). He argues his lack of treatment creates extraordinary and compelling reasons for compassionate release. ECF No. 155 at 2–3. Specifically, Davis's conditions include:

> Chronic hepatitis w/grade 3 inflammation, Fibrosis stage 2 (with blood levels showing consistency with stage 3), history w/positive hepatitis; serology findings are consistent with chronic hepatitis C w/super-added drug induced hepatitis and chronic Burn Disorder (undiagnosed, but definitely to be considered).

> These diagnosis are in stages where serious liver damage has occurred and will progress to deteriorate. Mr. Davis is at serious risk for life threatening circumstances. Mr. Davis was recently released from UF Leesburg where he was admitted under Emergency Status. His emergency admit was based on the severity of his symptoms; jaundice, vomiting (black), severe abdominal pain and severe dehydration. This was a dire situation where Mr. Davis needed urgent care immediately. Hospital records state Mr. Davis had these symptoms for over a week. Mr. Davis'[s] email and daily documentation logs of his attempts to be seen by medical staff are very alarming. . . .

> Mr. Davis has also been diagnosed with Disorder of prostate, Herpes viral infection (that can be damaging to his serious diseases), Chronic pain (nerve pain, moderate spinal stenosis), History of peptic ulcer disease, 3 masses/lumps left lateral abdomen, left forearm, left mid upper thigh, Unspecified disc disorder and possibly Diabetes.

> Another factor to be considered in Mr. Davis'[s] case is his Chronic Burn condition. Mr. Davis was involved in a terrifying and traumatic burn injury (32%) body surface area-back of torso) just before his 19th birthday. . . .

> I would question the statement that the patient's PTSD is in remission, particularly as Mr. Davis spent nearly a year at SMU Thompson (recently shut down for proven inhumane abuse) where he states he greatly suffered at the hands of correctional officer and their abuses. The aftermath of Traumatic Burn injuries the inherent behavior of a maximum security prison population, and untreated PTSD, or any depressive disorder has dire mental and physical outcomes.

ECF No 155 at 18–19 (December 2023 Letter from Dr. Bernard Hillyer to Federal Public Defender). In addition to the above physical and mental health conditions, Davis

seeks compassionate release to care for his aging father. ECF No. 155 at 3–4. He also argues extraordinary and compelling reasons exist based on physical abuse he suffered while incarcerated at SMU Thompson and USP Coleman. *Id.* at 4–5.

Based on the representations made by Davis and the exhibits attached to his motion, the Court finds Davis's physical and mental conditions, and the lack of treatment he has received, constitute extraordinary and compelling reasons under 18 U.S.C. § 3582.[1] Even so, the Court must weigh the sentencing factors under 18 U.S.C. § 3553(a) before making a final decision regarding compassionate release. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) (holding even if defendant's circumstances constitute extraordinary and compelling reasons, district court must determine whether § 3553(a) factors weigh against immediate release).

### B.    Factors under 18 U.S.C. § 3553(a)

Davis is currently 40 years old. *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 1, 2024). His expected date of release is in March 2029. *Id.*

In his 2021 order denying compassionate release, Judge Gritzner stated Davis's sentence was based in part on "the seriousness of Defendant's involvement with methamphetamine distribution and its effect on end-users, the need to deter Defendant from similar future conduct, and Defendant's 'troubling' history of criminal activity, including violent offenses." ECF No. 154 at 12. At sentencing, Davis was found to have 1) been in possession of a dangerous weapon; 2) used violence, made a credible threat to use violence, or directed the use of violence; and 3) maintained a premises for the purpose of manufacturing or distributing the controlled substance. Presentence Investigation Report ¶¶ 56–58, ECF No. 109. His total offense level was ultimately

---

[1] Given this finding, the Court need not address his other bases which he believes support a finding of extraordinary and compelling reasons for compassionate release.

based on his designation as a career offender. *Id.* ¶ 63. The prior convictions used for this designation were for assault with intent to inflict serious injury, domestic assault with intent to inflict serious injury, assault with intent to cause serious injury, and assault causing bodily injury. *Id.* ¶¶ 78–80.

In addition to his behavior prior to his conviction, Davis acknowledges he also does not "have a perfect incarceration record." ECF No. 155 at 1. In his 2021 order, Judge Gritzner cited to Bureau of Prison records showing Davis was disciplined for assaulting fellow inmates in 2017 and 2019, and hiding a homemade weapon in his mattress in 2016. ECF No 154 at 11. In his current motion, Davis argues his behavior was required for self-defense, and the Government used these examples to make Davis "seem horrible." ECF No. 157-4 at 33. He argues these infractions are old and occurred at a prison institution. *Id.*

Regardless of the age of the disciplinary reports, these post-conviction disciplinaries concern the Court. Davis does not allege he has taken courses or engaged in treatment while in prison which would assist him in altering his violent behavior. The Court is also concerned a reduction in sentence would not adequately reflect the seriousness of the offense, promote respect for the law, or protect the public from additional crimes by Davis, and it would not allow for continued training, education, or treatment. For these reasons and other sentencing factors under 18 U.S.C. § 3553(a), compassionate release is not warranted here.

Finally, the Court recognizes Davis is adamant he is not receiving adequate medical treatment for his health conditions. ECF No. 155 at 1 (alleging Eighth Amendment violations of deliberate indifference to his serious medical needs). However, allegations as to his present conditions of confinement are not appropriate considerations for the Court in this compassionate release motion. Davis indicated he has a civil lawyer to address his alleged medical mistreatment

issues. ECF No. 158 at 2. Any allegations regarding the nature and condition of his incarceration should be filed in an appropriate civil rights complaint in the district where he is confined.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant James Paul Davis's Motion for Compassionate Release, ECF No. 155, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant James Paul Davis's request for the appointment of counsel, ECF No. 155, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant James Paul Davis's Motion to Expedite, ECF No. 158, is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 8th day of July, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE